IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

THOMAS STROCCHIO,

 Plaintiff,

vs.

BRIDGEWATER COMMUNITY
ASSOCIATION, INC., a Florida
Non-Profit Corporation, and

GERALDINE HOLLOWAY, ESQ.,

 Defendants.

_____/

CASE NO.:

512010CA8521-ES

DEMAND FOR JURY TRIAL

RECEIVED
NOV - 8 2010
PAULA S. O'NEIL, CLERK & COMPTROLLER

## COMPLAINT

COMES NOW, Plaintiff, THOMAS STROCCHIO, by and through undersigned counsel, and herby sues, Defendants, BRIDGEWATER COMMUNITY ASSOCATION, INC., and GERALDINE HOLLOWAY, ESQ., and states as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of $15,000.00, exclusive of attorney's fees and costs.

2. Plaintiff, is an individual residing in Pasco County, Florida.

3.. Defendants, upon information and belief are in the business of collecting consumer debt in the state of Florida.

4. Defendant, Bridgewater Community Association, Inc. ("the Association") is a "creditor" as defined by the Florida Consumer Collection Practices Act ("FCCPA"), §559.55(3).

5. Defendant, Geraldine Holloway, Esq. is a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 USC §1692a(6) and the FCCPA §559.55(6)

6. The debt is a consumer debt as defined by the FDCPA, 15 USC §1692a(5) and the FCCPA, §559.55(1), because it was incurred by Plaintiff as, a recurring monthly obligation and through other various assessments allegedly owed to the Association for Plaintiff's homestead property and primary residence.

-1-

7. The Association as the principal, employs the debt collector Geraldine Holloway, Esq. as it agent and attorney.

8. Plaintiff was involved in a short sale when Defendants attempted to collect the alleged fees, fines and assessments on August 18, 2010. See: Estoppel Letter attached as Exhibit "A".

9. Many of the assessments, fines and fees in the Estoppel Letter, were not due and owing, as they are improper and illegitimate under Florida Statute, Federal Statute, and the Association's Articles and Declarations. See: Exhibit "A".

10. Defendants sent the Estoppel Letter in an effort to abuse and harass Plaintiff by asserting the false and illegitimate amounts that are not permitted by law.

11. Plaintiff is an upstanding citizen with a good reputation in the community and an active member of the business community.

12. The Association published two websites, www.takebridgewaterback.com and www.takebridgewaterback.net[1] ("the Website(s)"), made available to the general public on or about September 30, 2010 which have been actively running since that date and remains available to the general public.

13. The Association has made use of Plaintiff's name and address in a defamatory manner that portrays Plaintiff as either a sex-offender or a person in close relations with a sex-offender, by placing Plaintiff's name directly alongside pictures and descriptions of sex-offenders, criminals and drug-users.

14. The alleged purpose of the Website is to raise Association member awareness of sex-offenders, criminals and drug-users who are alleged tenants of certain Association members – in addition to other alleged violations, fines, fees and past due assessments.

15. The actual purpose of the Website is to shame, harass, and defame the accused Association members into paying alleged and illegitimate fees, fines and past due assessments.

16. The Association's Website is an attempt to collect consumer debts through public shame, harassment, abuse, defamation, publication of a list of deadbeats and portrayal of Plaintiff as a criminal.

17. The Website constitutes: public disclosure of private facts, such as information regarding personal rental agreements; defamatory statements about Plaintiff's character;

---

[1] www.takebridgewaterback.net automatically redirects the user www.takebridgewaterback.com.

implication and portrayal of Plaintiff as a registered sex-offender, drug user and criminal; publication of Plaintiff's name on a list of deadbeats; disclosure that Plaintiff owes a debt to unauthorized third parties; and disclosure to third parties information about Plaintiff's reputation, without the third parties having a legitimate business purpose for the information.

18. The Association's conduct as set forth above has caused and will continue to cause damages to Plaintiff in the form of damage to his personal and business reputation, personal humiliation, mental anguish and suffering.

19. As a result of the conduct by both Defendants, Plaintiff has suffered and will continue to suffer, embarrassment, shame, anxiety, harassment, abuse and terror driven fear.

20. All conditions precedent have been performed or have occurred.

### COUNT I: VIOLATION OF THE FCCPA §559.72(9) AS TO THE ASSOCIATION THROUGH THE ACTS OF GERALDINE HOLLOWAY, ESQ.

21. Plaintiff incorporates all allegations in paragraphs 1-20 as if stated fully herein.

22. Jurisdiction is proper pursuant to Florida Statute §559.77(1).

23. The Association violated Florida Statute §559.72(9) on August 18, 2010, when it knowingly attempted to collect an illegitimate consumer debt, through its agent Geraldine Holloway, Esq. See: Exhibit "A".

WHEREFORE, Plaintiff, THOMAS STROCCHIO, demands judgment against Defendant, BRIDGWATER COMMUNITY ASSOCIATION, INC., for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b. additional damages pursuant to Florida Statute §559.77(2);

c. in the case of a successful action sustaining the liability of Defendant, pursuant to Florida Statute §559.77(2), costs of the action, together with a reasonable attorney's fee incurred by Plaintiff.

### COUNT II: VIOLATION OF THE FCCPA §559.72(7) AS TO THE ASSOCIATION THROUGH THE ACTS OF GERALDINE HOLLOWAY, ESQ.

24. Plaintiff incorporates all allegations in paragraphs 1-20 as if stated fully herein.

25. Jurisdiction is proper pursuant to Florida Statute §559.77(1).

26.  The Association violated Florida Statute §559.72(7) on August 18, 2010, when it intentionally abused and harassed the Plaintiff, with its communication in an attempt to collect an illegitimate consumer debt, through its agent Geraldine Holloway, Esq. <u>See</u>: Exhibit "A".

WHEREFORE, Plaintiff, THOMAS STROCCHIO, demands judgment against Defendant, BRIDGWATER COMMUNITY ASSOCIATION, INC., for the following relief:

a.  any actual damages sustained by Plaintiff as a result of the above allegations;

b.  additional damages pursuant to Florida Statute §559.77(2);

c.  in the case of a successful action sustaining the liability of Defendant, pursuant to Florida Statute §559.77(2), costs of the action, together with a reasonable attorney's fee incurred by Plaintiff.

### <u>COUNT III: VIOLATION OF THE FCCPA §559.72(9)</u>
### <u>AS TO GERALDINE HOLLOWAY, ESQ.</u>

27.  Plaintiff incorporates all allegations in paragraphs 1-20 as if stated fully herein.

28.  Jurisdiction is proper pursuant to Florida Statute §559.77(1).

29.  Geraldine Holloway, Esq. violated Florida Statute §559.72(9) on August 18, 2010, when she knowingly attempted to collect the illegitimate consumer debt, on behalf of the Association. <u>See</u>: Exhibit "A".

WHEREFORE, Plaintiff, THOMAS STROCCHIO, demands judgment against Defendant, GERALDINE HOLLOWAY, ESQ, for the following relief:

a.  any actual damages sustained by Plaintiff as a result of the above allegations;

b.  additional damages pursuant to Florida Statute §559.77(2);

c.  in the case of a successful action sustaining the liability of Defendant, pursuant to Florida Statute §559.77(2), costs of the action, together with a reasonable attorney's fee incurred by Plaintiff.

### <u>COUNT IV: VIOLATION OF THE FCCPA §559.72(7)</u>
### <u>AS TO GERALDINE HOLLOWAY, ESQ.</u>

30.  Plaintiff incorporates all allegations in paragraphs 1-20 as if stated fully herein.

31.  Jurisdiction is proper pursuant to Florida Statute §559.77(1).

32. Geraldine Holloway, Esq. violated Florida Statute §559.72(7) on August 18, 2010, when she intentionally abused and harassed the Plaintiff, with her communication in an attempt to collect the illegitimate consumer debt, on behalf of the Association. See: Exhibit "A".

WHEREFORE, Plaintiff, THOMAS STROCCHIO, demands judgment against Defendant, GERALDINE HOLLOWAY, ESQ., for the following relief:
    a.    any actual damages sustained by Plaintiff as a result of the above allegations;
    b.    additional damages pursuant to Florida Statute §559.77(2);
    c.    in the case of a successful action sustaining the liability of Defendant, pursuant to Florida Statute §559.77(2), costs of the action, together with a reasonable attorney's fee incurred by Plaintiff.

### COUNT V: VIOLATION OF THE FDCPA 15 USC §1692e(2)(A) AS TO GERALDINE HOLLOWAY, ESQ.

33. Plaintiff incorporates all allegations in paragraphs 1-20 as if stated fully herein.
34. Jurisdiction is proper pursuant to United States Statute 15 USC §1692k(d).
35. Geraldine Holloway violated United States Statute 15 USC §1692e(2)(A) on August 18, 2010, with her communication when she made false representations as to the amount and legal status of the debt, while acting on behalf of the Association. See: Exhibit "A".

WHEREFORE, Plaintiff, THOMAS STROCCHIO, demands judgment against Defendant, GERALDINE HOLLOWAY, ESQ., for the following relief:
    a.    any actual damages sustained by Plaintiff as a result of the above allegations;
    b.    additional damages pursuant to 15 USC §1692k(a)(2)(A);
    c.    in the case of a successful action sustaining the liability of Defendant, pursuant to 15 USC §1692k(a)(3), costs of the action, together with a reasonable attorney's fee incurred by Plaintiff.

### COUNT VI: VIOLATION OF THE FDCPA 15 USC §1692f(1) AS TO GERALDINE HOLLOWAY, ESQ.

36. Plaintiff incorporates all allegations in paragraphs 1-20 as if stated fully herein.
37. Jurisdiction is proper pursuant to United States Statute 15 USC §1692k(d).

38. Geraldine Holloway violated United States Statute 15 USC §1692(f)(1) on August 18, 2010, with her communication when she attempted to collect the consumer debt, in an amount not permitted by law, while acting on behalf of the Association. See: Exhibit "A".

**WHEREFORE**, Plaintiff, THOMAS STROCCHIO, demands judgment against Defendant, GERALDINE HOLLOWAY, ESQ., for the following relief:
   a.  any actual damages sustained by Plaintiff as a result of the above allegations;
   b.  additional damages pursuant to 15 USC §1692k(a)(2)(A);
   c.  in the case of a successful action sustaining the liability of Defendant, pursuant to 15 USC §1692k(a)(3), costs of the action, together with a reasonable attorney's fee incurred by Plaintiff.

### COUNT VII: VIOLATION OF THE FCCPA §559.72(7) AS TO THE ASSOCIATION DUE TO THE CONTENT OF THE WEBSITES

39. Plaintiff incorporates all allegations in paragraphs 1-20 as if stated fully herein.
40. Jurisdiction is proper pursuant to Florida Statute §559.77(1).
41. The Association violated Florida Statute §559.72(7) on or about September 30, 2010, when it intentionally abused and harassed Plaintiff, through the Websites when it publicly disclosed private facts, such as information regarding personal rental agreements; made defamatory statements about Plaintiff's character; and implied and portrayed Plaintiff as a registered sex-offender, drug user and criminal.

**WHEREFORE**, Plaintiff, THOMAS STROCCHIO, demands judgment against Defendant, BRIDGWATER HOMEOWNER'S ASSOCIATION, INC., for the following relief:
   a.  any actual damages sustained by Plaintiff as a result of the above allegations;
   b.  additional damages pursuant to Florida Statute §559.77(2)
   c.  in the case of a successful action sustaining the liability of Defendant, pursuant to Florida Statute §559.77(2), costs of the action, together with a reasonable attorney's fee incurred by Plaintiff.

### COUNT VIII: VIOLATION OF THE FCCPA §559.72(5) AS TO THE ASSOCIATION DUE TO THE CONTENT OF THE WEBSITES

42. Plaintiff incorporates all allegations in paragraphs 1-20 as if stated fully herein.

43. Jurisdiction is proper pursuant to Florida Statute §559.77(1).

44. The Association violated Florida Statute §559.72(5) on or about September 30, 2010, when it disclosed to third parties information about Plaintiff's reputation to third parties, via the Websites, when those third parties had no legitimate business need for the information, in an attempt to collect a consumer debt.

WHEREFORE, Plaintiff, THOMAS STROCCHIO, demands judgment against Defendant, BRIDGWATER COMMUNITY ASSOCIATION, INC., for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b. additional damages pursuant to Florida Statute §559.77(2);

c. in the case of a successful action sustaining the liability of Defendant, pursuant to Florida Statute §559.77(2), costs of the action, together with a reasonable attorney's fee incurred by Plaintiff.

### COUNT IX: VIOLATION OF THE FCCPA §559.72(14) AS TO THE ASSOCIATION DUE TO THE CONTENT OF THE WEBSITES

45. Plaintiff incorporates all allegations in paragraphs 1-20 as if stated fully herein.

46. Jurisdiction is proper pursuant to Florida Statute §559.77(1).

47. The Association violated Florida Statute §559.72(14) on September 30, 2010, when it published a list of "deadbeats", via the Website, in an attempt to collect a consumer debt.

WHEREFORE, Plaintiff, THOMAS STROCCHIO, demands judgment against Defendant, BRIDGWATER COMMUNITY ASSOCIATION, INC., for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b. additional damages pursuant to Florida Statute §559.77(2);

c. in the case of a successful action sustaining the liability of Defendant, pursuant to Florida Statute §559.77(2), costs of the action, together with a reasonable attorney's fee incurred by Plaintiff.

## COUNT X: VIOLATION OF THE FCCPA §559.72(1) AS TO THE ASSOCIATION DUE TO THE CONTENT OF THE WEBSITES

48. Plaintiff incorporates all allegations in paragraphs 1-20 as if stated fully herein.

49. Jurisdiction is proper pursuant to Florida Statute §559.77(1).

50. The Association violated Florida Statute §559.72(1) on September 30, 2010, when it attempted to collect the consumer debt under the color of state of authority, by linking directly to the Pasco County Tax Appraiser's website, giving the appearance of State Authority behind the consumer collection activity.

WHEREFORE, Plaintiff, THOMAS STROCCHIO, demands judgment against Defendant, BRIDGWATER COMMUNITY ASSOCIATION, INC., for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

    b. additional damages pursuant to Florida Statute §559.77(2);

    c. in the case of a successful action sustaining the liability of Defendant, pursuant to Florida Statute §559.77(2), costs of the action, together with a reasonable attorney's fee incurred by Plaintiff.

## COUNT XI: DEFAMATION BY IMPLICATION AS TO THE ASSOCIATION DUE TO THE CONTENT OF THE WEBSITES

51. Plaintiff incorporates all allegations in paragraphs 1- as if stated fully herein.

52. This is an action in excess of $15,000 of damages.

53. Florida law, requires the following elements to sustain an action for defamation: 1) publication; 2) falsity; 3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; 4) actual damages; and 5) statement must be defamatory. *Jews for Jesus v. Rapp*, 997 So.2d 1098 (Fla. 2008).

54. Defamation by implication recognizes that "true statements can be defamatory where they create a false impression." *Id.* at 1106. In other words, "if the defendant juxtaposes a series of facts so as to imply a defamatory connection between them, or creates a defamatory implication by omitting facts, he may be held responsible for the defamatory implication, unless it qualifies as an opinion." *Id.* at 1007.

55. Beginning on September 30, 2010 and continuing as of the date of filing this action, the Association has published private information about Plaintiff in a defamatory manner by portraying him as a sex-offender, or someone in close relations with a sex-offender, by placing his name and information among photographs and information of criminals in a way that creates a defamatory implication that Plaintiff is a sex offender and a criminal.

56. Plaintiff is in no way associated with any of the acts accompanying the status of a sex-offender, nor does Plaintiff associate or maintain close relations with any sex-offender.

57. The Association published the defamatory content without reasonable care to determine the content's implicated falsity, and with knowledge and intention of portraying Plaintiff as a sex-offender or someone in close relations with a sex-offender.

58. The Association intentionally portrayed Plaintiff and other members of the Association, in this negative light in an attempt to shame, harass, and abuse him in front of other homeowners and the general public.

59. The Association deliberately portrayed Plaintiff as a sex offender and criminal in an attempt to shame and harass Plaintiff into paying alleged fees, fines and past due assessments.

60. The deliberate defamatory actions by the Association, naturally and proximately result, and will continue to result in injury to Plaintiff.

61. The defamatory content has caused, and will continue to cause, damage to Plaintiff's personal and professional reputation, personal humiliation, mental anguish and suffering.

62. Objectively viewing the Websites as a whole, as a common person would view such Websites, the Plaintiff is subjected to prejudice, the object of ridicule, distrust, contempt, disgrace, and causes injury to Plaintiff's personal, social and business standing in the community.

63. Defendant has, and continues to publicly disseminate private information about Plaintiff in a manner that creates the false impression and implication that Plaintiff is a sex-offender, a criminal, and closely related with sex-offenders, drug users, and other criminals.

**WHEREFORE,** Plaintiff, THOMAS STROCCHIO, demands judgment against Defendant, BRIDGWATER COMMUNITY ASSOCIATION, INC., for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

 b. entry of a permanent injunction restraining and enjoining Defendant from further dissemination of private information regarding Plaintiff's name, address, tenants, or other information that falsely implicates Plaintiff as a sex-offender, drug user, or other criminal by placement or association near or next to pictures, descriptions, or other information which if joined with Plaintiff's information would reasonably suggest the inference that Plaintiff is or is in close relation to a sex-offender, drug user, or other criminal;

 c. any other relief which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, THOMAS STROCCHIO, demands a trial by jury as to all issues.

Dated this 3 day of November, 2010.

_____
Yesner & Boss, P.L.
Vincent C. LoBue
Fla. Bar No.: 64368
Christopher W. Boss
Fla. Bar No.13183
10812 Gandy Blvd. N.
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (727) 471-1206