UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS STROCCHIO,

    Plaintiff,

v.                                    CASE NO: 8:11-cv-142-T-26TGW

BRIDGEWATER COMMUNITY
ASSOCIATION, INC. and GERALDINE
HOLLOWAY,

    Defendant.
_____/

**O R D E R**

    **THIS CAUSE** comes before the Court on Defendant Holloway's Response to Order Denying Motion to Remand. (Dkt. 17.)

    Plaintiff voluntarily dismissed his federal claims in this action with prejudice. Thus, only Plaintiff's state law claims remain pending in this action. Holloway requests that the Court retain jurisdiction of this case, but can articulate no compelling reasons that the Court should do so. 28 U.S.C. § 1367(c)(3) provides that the district courts may decline to exercise supplemental jurisdiction over state claims where it has dismissed all the underlying federal claims. In making this determination, the Court should consider factors such as "comity, judicial economy, convenience, fairness, and the like." See

Crosby v. Paulk, 187 F.3d 1339, 1352 (11th Cir. 1999) (quoting Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996)). Although this decision is discretionary, see Englehardt v. Paul Revere Life Ins Co., 139 F.3d 1346, 1350 (11th Cir. 1998), the dismissal of state law claims is strongly encouraged where the federal claims are dismissed prior to trial. See Baggett v. First Nat'l Bank, 117 F.3d 1342, 1353 (11th Cir. 1997).

This case was initially removed to this Court based on the existence of federal question jurisdiction. The only remaining claims would require this Court to exercise its supplemental jurisdiction. In the interest of judicial economy and convenience, the Court declines to exercise supplemental jurisdiction over the remaining state law claims in this action and remands this removed case to state court.[1]

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

This case is remanded to the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, for all further proceedings. The Clerk is directed to terminate any motions and close this case.

**DONE AND ORDERED** at Tampa, Florida, on February 2, 2011.

           s/*Richard A. Lazzara*
           **RICHARD A. LAZZARA**
           **UNITED STATES DISTRICT JUDGE**

---

[1] Cf. First Union Nat'l Bank of Fla. v. Hall, 123 F.3d 1374, 1378 (11th Cir. 1997) (implying that district court in certain circumstances could properly decline to exercise supplemental jurisdiction over state law claims by remanding remainder of already removed case in the interests of judicial economy, convenience, and fairness).

**COPIES FURNISHED TO**:
Counsel of Record